

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00174-CR

**RUSSELL WAYNE MOORE, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. CR2020-739, Honorable Glenn Devlin, Presiding

January 12, 2024

## ORDER OF ABATEMENT AND REMAND[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Russell Wayne Moore, appeals from his conviction by jury of the first-degree felony offense of murder and the resulting life sentence. His appointed counsel on appeal subsequently filed a motion to withdraw supported by an *Anders*[2] brief. Having found at least one arguable issue warranting appeal, we grant counsel's motion to

---

[1] Because this matter was transferred from the Third Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2 493 (1967).

withdraw and remand the cause to the trial court for appointment of new appellate counsel.

Appellate counsel filed an *Anders* brief that discussed her duty under the law and her evaluation of the record. She also identified several potential issues, ultimately determining each was frivolous. However, our independent review revealed an arguable issue concerning the quantum of evidence corroborating the accomplice witness testimony. We make no comment on the ultimate meritoriousness of the issue, but rather conclude it sufficient to at least be non-frivolous. *See Davis v. State*, No. 07-23-00143-CR, 2023 Tex. App. LEXIS 9443, at *2-4 (Tex. App.—Amarillo Dec. 19, 2023) (order) (noting need for caution by attorneys in filing *Anders* briefs and directive to do so only when issues truly lack merit).

Accordingly, we grant counsel's motion to withdraw, abate the proceeding, and remand the cause to the trial court. On remand, the trial court shall, by written order, appoint new counsel to represent appellant on appeal. The name, address, email address, telephone number, and State Bar number of newly appointed counsel must be specified in the order. The trial court will then cause its order to be filed in a supplemental clerk's record with the clerk of this court no later than February 10, 2024.

The deadline by which newly appointed counsel must file an appellant's or other brief addressing the aforementioned issue, and any other arguable issue discovered, is March 22, 2024, unless otherwise extended by the court. Newly appointed counsel may also request the supplementation of the appellate record as needed. Such supplementation, if any, must be requested before March 1, 2024. *See* TEX. R. APP. P. 34.5(c), 34.6(d)

2

It is so ordered.

Per Curiam

Do not publish.